UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROLDIN DINET | CIVIL ACTION |
| VERSUS | NO. 07-2204 |
| RENE J. CHERAMIE & SONS, INC., A.R. CHERAMIE MARINE MANAGEMENT, INC., and MARTIN GAS MARINE LLC | SECTION "B" (3) |

ORDER AND REASONS

Before this Court is Plaintiff's Motion to Sever for Expedited Trial to Determine Plaintiff's Right to Cure Benefits. (Rec. Doc. No. 23). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Sever for Expedited Trial to Determine Plaintiff's Right to Cure Benefits is **GRANTED. IT IS FURTHER ORDERED** that Plaintiff is granted leave to have new counsel enroll by **December 20, 2007. IT IS FURTHER ORDERED** that by **December 20, 2007**, either Plaintiff pro se or newly enrolled counsel for Plaintiff shall file, after conferring with Defendant's counsel, a motion to set the hearing on the maintenance and cure benefits to a date and time certain.

*BACKGROUND*

Plaintiff, Roldin Dinet was working for A.R. Cheramie Marine Management as a deckhand aboard the BARGE M450, a vessel owned and/or controlled by Martin Gas Marine, L.L.C. On or about

1

February 11, 2007, Plaintiff was performing his duties as a deckhand for A.R. Cheramie Marine Management when he fell.  As a result, Plaintiff claims injuries to his neck and back. Plaintiff filed suit thereafter on April 20, 2007.  Plaintiff's Jones Act status is undisputed.  The trial date set for this case is May 5, 2008, and there has been no demand for a jury trial.  Defendant opposes this motion.

Plaintiff contends that Defendant (without explanation) has not paid for **any** cure benefits with Mr. Dinet's treating physician, Dr. Kenneth Adatto.  Plaintiff's physician is recommending that Plaintiff undergo lumbar epidural steroid injections and a cervical fusion.  Plaintiff claims to be in dire need of the recommended treatment as he has not reached maximum medical improvement.

Defendant contends that severance of the Plaintiff's maintenance and cure claims with less than seven months before trial would result in two separate trials involving the same facts and witnesses.  Second, Defendant asserts that is has, in fact, agreed to cover the lumbar epidural steroid injections and is waiting to see if the injections improve Plaintiff's condition so as to render a cervical fusion unnecessary.  Defendant believes it is premature to approve a cervical fusion absent further medical evaluation of Plaintiff subsequent to his receipt of the lumbar epidural steroid injections.

2

*DISCUSSION*

**A.   Entitlement to Maintenance and Cure Benefits**

A seaman who becomes sick or injured while in service to a vessel has a common right to maintenance payment to cover the cost of his food and lodging.  *Vaughan v. Atkinson,* 369 U.S. 527, 531 (1962).  Under these circumstances, a seaman is also entitled to cure - the cost of medical treatment.  *Guevara v. Maintenance Overseas Corporation,* 59 F.3d 1496, 1499 (5th Cir. 1995).  The entitlement to maintenance and cure benefits lasts until seamen reach the point of maximum medical improvement.  *Lodrigue v. Delta Towing, L.L.C.,* 2003 WL 22999425 (E.D. La.)(Vance, J.), citing *Breese v. AWI*, Inc., 823 F.2d 100, 104 (5th Cir. 1987).

A  Jones Act seaman has a right to join his/her maintenance and cure claims with other general maritime claims; he/she may separately sue for maintenance and cure; or having already filed suit, may request "severance of the maintenance (and cure) claim and an expedited trial by the court."  *Martinez,* 2001 WL 6726 (E.D. La.)(Vance, J.), citing *Tate v. American Tugs, Inc*. 634 F.2d 869 (5th Cir. 1981).  The decision to sever a maintenance and cure claim is within the court's discretion.  The factors that guide the Court's consideration of whether or not to sever include: Plaintiff's interest in an expediting trial of these issues, the proximity of the scheduled trial date, whether Plaintiff has requested a jury trial, and whether the nonmoving

party opposes the motion.  *Marine Drilling Management Co. v. Scott,* 2003 WL 133218 (E.D. La. 2003)(Englehardt, J.) citing *Hampton v. Daybrook Fisheries, Inc.*, 2002 WL 1974107 (E.D. La 2002)(Vance, J).

Based on these factors, the Plaintiff's Motion to Sever is granted.  First, Plaintiff has a compelling interest in an expedited trial to determine his entitlement to cure benefits.  Plaintiff's physician has not listed him as reaching maximum medical improvement, and has listed both the lumbar epidural steroid injections and a cervical infusion as recommended procedures.  Second, Plaintiff has not requested a jury trial so Defendant's arguments regarding such a request do not apply.  Last, although Defendant has filed opposition to this motion, the basis cited for opposition may be generalized to any situation in which there is a severance (i.e. the duplication of medical expert testimony).  In addition, Defendant also relies upon the incorrect assertion that the impending matter is slated to be a jury trial.

Defendant cites *Hampton* as support for its claim that the motion to sever should not be granted.  However, that ruling was based on the fact that a jury trial had been requested and was scheduled to take place in three months, which would not materially alter the outcome of surgery. 2002 WL 1974107 (E.D.La 2002).  In addition, Defendant cites the *Charpentier v. Blue*

4

*Streak Offshore, Inc.*, as support for denial of Plaintiff's motion, but just as in *Hampton*, a jury trial was scheduled to take place in fewer than four months in that case, as well. 1996 U.S. Dist. LEXIS 9813 (E.D. La. 1996). The basis for denying the motion to sever in *5-J's Towing, Inc. v. Verdin*, also cited by Defendant, was the Court's docket volume. 1993 U.S. DIST. LEXIS 17833 (E.D. La. 1993). Last, Defendant cites *Rowan Companies, Inc., v. Badeaux,* 1991 U.S. Dist. LEXIS 10941 (E.D. La. 1991) as support for its opposition. Again, this decision was based on the fact that there was less than two months before jury trial. In sum, the cases Defendant depends upon as support for its opposition do not match the facts present in this case since there is no jury trial at issue here and the trial is in May 2008.

## *CONCLUSION*

The Plaintiff demonstrates a compelling need for severance, and a bench trial will be held in May, which distinguishes the impending matter from the cases cited by Defendant. Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Expedited Trial for Cure Benefits is **GRANTED.  IT IS FURTHER ORDERED** that Plaintiff is granted leave to have new counsel enroll by **December 20, 2007.  IT IS FURTHER ORDERED** that by **December 20, 2007**, either Plaintiff pro se or newly enrolled counsel for shall file, after conferring with Defendant's

counsel, a motion to set the hearing on the maintenance and cure benefits to a date and time certain.

New Orleans, Louisiana, this 5th day of December, 2007.

_____
IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE